UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SCHRAMKE,

Plaintiff,

v.

NEKTAR THERAPEUTICS, et al.,

Defendants.

Case No. 26-cv-01951-PCP

**ORDER GRANTING MOTION OF MICHAEL SCHRAMKE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Re: Dkt. No. 7

Plaintiff Michael Schramke moves to be appointed as lead plaintiff and for Pomerantz LLP to be appointed as lead counsel. His motion is unopposed. For the reasons stated below, the Court grants Schramke's motion.

**BACKGROUND**

On March 6, 2026, Michael Schramke filed the instant class action lawsuit against Nektar Therapeutics and individual Nektar executives alleging securities fraud and controlling person liability. Dkt. No. 1. Schramke alleges that, starting on February 26, 2025, defendants made false or misleading statements or omissions regarding Nektar's pharmaceutical trials for treating alopecia areata. Complaint ¶ 4. Schramke alleges that Nektar failed to inform investors that "(i) enrollment in the REZOLVE-AA trial had not followed applicable instructions and protocol standards; (ii) the foregoing was likely to have a significant negative impact on the REZOLVE-AA trial's results; (iii) accordingly, the REZOLVE-AA trial's overall integrity and prospects were overstated; and (v) as a result, Defendants' public statements were materially false and misleading at all relevant times." Complaint ¶ 5. Schramke says that the "truth began to emerge" on December 16, 2025, "when Nektar issued a press release during pre-market hours" announcing that the REZOLVE-AA trial "failed to reach statistical significance, which Nektar attributed to the inclusion of four patients who should not have been eligible to participate." Complaint ¶ 6.

United States District Court
Northern District of California

Nektar's stock price fell after the announcement. Complaint ¶ 7.

Schramke seeks to represent a class consisting of "all those who purchased or otherwise acquired Nektar securities during the Class Period" from February 26, 2025, to December 16, 2025. Complaint ¶¶ 1, 53. On May 5, 2026, plaintiff Michael Schramke filed a motion for appointment as lead plaintiff and for approval of his selection of Pomerantz LLP as lead counsel. Dkt. No. 7. On June 2, 2026, Schramke notified the Court that no competing motion for lead plaintiff or lead counsel had been filed. Dkt. No. 21.

**LEGAL STANDARD**

The Private Securities Litigation Reform Act of 1995 (PSLRA) governs the procedure for selection of a lead plaintiff in private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Under the PSLRA, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. *Id.* It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id.* If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead

2

plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

Once the determination of lead plaintiff is made, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

## ANALYSIS

### I.    The Court appoints Michael Schramke as lead plaintiff.

#### A.  The PSLRA's procedural requirements are satisfied.

Pursuant to the PSLRA, a notice of the pending action was published on March 6, 2026, the same date that Schramke filed the complaint in this case. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Dkt. Nos. 1, 6. The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days to file a motion to seek appointment as lead plaintiff in the lawsuit. Thus, the notice complied with the PSLRA's requirements. See 15 U.S.C. § 78u–4(a)(3)(A).

Schramke filed this motion within the statutory period specified in 15 U.S.C. § 78u–4(a)(3)(A); Dkt. No. 7. Schramke has therefore met the statutory procedural requirements.

#### B.  Schramke has the largest financial interest.

The Court must next determine whether Schramke qualifies as the most adequate plaintiff by considering Schramke's financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 730.

Schramke has submitted a sworn declaration indicating that he bought 75 shares and 75 net shares of Nektar common stock during the class period, spending $4,920 in net funds on that common stock, and allegedly suffered losses of $1,047 due to defendants' purported fraud. Dkt.

No. 7 at 7; Dkt. No. 7-3, Exh. A. "Because [Schramke's] was the only movant for appointment as lead counsel and the motion is unopposed, [he] is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation." *Welgus v. Trinet Grp., Inc.*, No. 15-CV-03625-BLF, 2015 WL 7770222, at *2 (N.D. Cal. Dec. 3, 2015) (collecting cases).

### C. Schramke can fairly and adequately represent the class.

Schramke makes the necessary prima facie showing that he satisfies the typicality and adequacy requirements of Rule 23(a). *See Cavanaugh*, 306 F.3d at 731. "When the district court makes [this] initial determination, it must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Id.* at 730.

The typicality requirement is met when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (cleaned up). Here, Schramke's claims arise from the same course of events as the claims of other class members because Schramke alleges that he and other members of the proposed class bought Nektar securities during the class period at inflated prices due to defendants' allegedly false or misleading statements or omissions, and that he and other class members were damaged by later corrective disclosures. Motion at 8-9.

The adequacy requirement is met if class representative parties are able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requires that (1) named plaintiffs and their counsel have no conflicts of interest with other class members, and that (2) named plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Here, there are no known conflicts of interest between Schramke and the proposed class members. Schramke's diligence in seeking appointment as lead plaintiff, and his declaration attesting to his investing background, suggest that he and his counsel will prosecute this action vigorously.

*       *       *

Accordingly, Schramke has made a prima facie showing of typicality and adequacy as required at this stage, and the Court finds that he qualifies as the presumptively most adequate

United States District Court
Northern District of California

4

plaintiff under the PSLRA.

Schramke's motion is unopposed and no member of the purported plaintiff class has provided proof that Schramke "will not fairly and adequately protect the interests of the class" or that Schramke "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Accordingly, the Court appoints Michael Schramke to serve as lead plaintiff.

**II.    Pomerantz LLP is a reasonable choice for class counsel.**

Having been appointed lead plaintiff, Schramke must "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Schramke has selected Pomerantz LLP, which has significant prior experience representing plaintiffs in similar securities fraud class actions. Because Schramke has made a facially "reasonable choice of counsel" and no other party has suggested that choice is unreasonable, the Court will defer to Schramke's selection of counsel and appoint Pomerantz LLP as lead counsel. *Cohen*, 586 F.3d at 712.

**CONCLUSION**

For the above reasons, the Court appoints Michael Schramke as lead plaintiff and Pomerantz LLP as lead counsel.

**IT IS SO ORDERED.**

Dated: June 29, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California